**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.:  1:26-cv-06223**

FRANCOISE KIRKLAND and MHG
KIRKLAND, LLC,

                          Plaintiffs,

v.

MARTA HALLETT, G EDITIONS LLC, and
GLITTERATI INCORPORATED,

                          Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiffs FRANCOISE KIRKLAND and MHG KIRKLAND, LLC, by and through their

undersigned counsel, bring this Complaint against Defendants MARTA HALLETT, G

EDITIONS LLC, and GLITTERATI INCORPORATED for damages and injunctive relief, and

in support thereof states as follows:

**JURISDICTION AND VENUE**

1.      This is an action arising under the Copyright Act, 17 U.S.C. § 501, and under

New York state law.

2.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C.

§§ 1331, 1338(a) and pursuant to this court's supplemental jurisdiction.

3.      Defendants are subject to personal jurisdiction in New York.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a)

because the events giving rise to the claims occurred in this district, defendants engaged in

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

infringement in this district, defendants resides in this district, and defendants are subject to personal jurisdiction in this district.

## PARTIES

5.      Plaintiff FRANCOISE KIRKLAND is a citizen of the state of California. Kirkland is the widow and sole surviving heir of the renowned celebrity photographer Douglas Kirkland. Franciose Kirkland possesses all necessary rights and authority to bring this action in her own name.

6.      Plaintiff MHG KIRKLAND, LLC is the current owner of the copyrights alleged herein that were formerly owned by Francoise Kirkland. MHG KIRKLAND, LLC has consented to its appearance as plaintiff in this action.

7.      Defendant MARTA HALLETT is an individual whose place of business is 500 7th Avenue, 9th Floor, New York, New York 10018.

8.      Defendant G EDITIONS LLC is a New York limited liability company with an address of 311 WEST 43RD STREET, NEW YORK, NY 10036 and has designated the New York Secretary of State as Agent for Service of Process.

9.      Defendant GLITTERATI INCORPORATED is a Delaware corporation authorized to do business in New York and has designated as registered agent The Corporation, 630 NINTH AVENUE, SUITE #603, NEW YORK, NY, 10036.

## THE COPYRIGHTED WORKS AT ISSUE

10.      At all times relevant herein, Franciose Kirkland and/or MHG Kirkland, LLC owned the valuable photographic works created by Douglas Kirkland embodied in, contained in and associated with the following books and related editions, which photographic works were registered for copyright and owned by plaintiff as indicated below:

a.   **Freeze Frame** - Douglas Kirkland, Reg. No. VA 2-210-603

2

b. **An Evening with Marilyn** - Douglas Kirkland, Reg. No. TX 6-297-751

c. **Coco Chanel Three Weeks** - Douglas Kirkland, Reg. No. VA 1-754-478

d. **A Life in Pictures** – Douglas Kirkland, Reg. Nos. VA 2-211-135, VA 2-198-619

e. **Freeze Frame Second Cut** – Douglas Kirkland, Reg. No. VA 2-209-634

## INFRINGEMENT BY DEFENDANTS

11. Defendants were previously licensed to copy and distribute the works at issue in books.

12. The titles of the books defendants published are listed above and referred to herein as the "Books".

13. Defendants published the Books pursuant to an agreement with plaintiffs.

14. Disputes arose between Plaintiffs and Defendants concerning royalties, accounting, ownership, publication rights, and continuing exploitation of the Books and the images therein.

15. Plaintiffs demanded, among other things, termination of all contracts between Douglas or Francoise Kirkland and G Editions, Glitterati, or any related entity; no further right to reprint any of the Books; no right to license any other person or entity to publish the books; and no further right to use any images created by Douglas Kirkland, while permitting Defendants to keep and sell remaining inventory and continue offering the Books for sale on Defendants' website.

16. Plaintiffs and Defendants entered into a fully executed written Settlement Agreement concerning the publishing contracts entered into between defendants and Douglas

3

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

Kirkland or Francoise Kirkland that included the Books containing the works at issues in this case.

17.    The Settlement Agreement expressly terminated, effective April 16, 2026, all contracts between Douglas Kirkland or Francoise Kirkland and defendants, including but not limited to rights to reprint any of the Books or other materials in the Books, to license any other person or entity to publish the Books, or otherwise to use in any manner the name of Douglas Kirkland, his signature, his words, his image, or any of the images created by or of Douglas Kirkland.

18.    The Settlement Agreement obligated Defendants to pay Francoise Kirkland a total of $5,000 in installments, with acceleration, 9 percent interest after default, and attorney's fees and costs if collection became necessary.

19.    The Settlement Agreement provided that Plaintiffs' release of Defendants was expressly conditioned on Defendants' full and complete fulfillment of their obligations under the agreement, and it further provided that nothing in the release discharged Defendants' obligations under the agreement itself.

20.    Defendants failed to comply with and defaulted on the Settlement Agreement.

21.    Plaintiffs demanded Defendants cure their default and comply with the Settlement Agreement, but Defendants failed and refused to do so.

22.    Defendants continued to reproduce, distribute, advertise, market, license, authorize, display, exploit, and/or facilitate exploitation of one or more of the Kirkland photographs embodied in them beyond the narrow contractual permission to use the cover image of each book to sell remaining inventory from Defendants' existing book stock.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

23.    Defendants failed to timely pay Plaintiff Francoise Kirkland or comply with the other requirements of the Settlement Agreement.

24.    Defendants engaged in other actions or refrained from performing other actions required by them in violation of the Settlement Agreement.

25.    Defendants by virtue of their continued reproduction, distribution, advertising, marketing, licensing, authorizing, display, and exploitation of one or more of the Kirkland photographs after their permission to do so was revoked and terminated are infringers.

26.    Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed under the Settlement Agreement, except to the extent performance has been excused by Defendants' conduct.

## COUNT I
## COPYRIGHT INFRINGEMENT

27.    Plaintiffs incorporate the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.    Plaintiffs own valid copyrights in the Works.

29.    Plaintiffs registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30.    Defendants copied, displayed, and distributed the Work and made derivatives of the Work without 's authorization in violation of 17 U.S.C. § 501.

31.    Defendants no longer possessed any continuing contractual right to reprint the Books, to license any other person or entity to publish the Books, or otherwise to use Douglas Kirkland's name, signature, words, image, or any images created by or of Douglas Kirkland, except as expressly preserved by the Settlement Agreement for sale of remaining inventory and website offering of that existing inventory.

32.     By reproducing, distributing, publicly displaying, promoting, marketing, licensing, sublicensing, preparing derivative works from, or otherwise exploiting the Kirkland photographic works after the termination of Defendants' rights, Defendants infringed Plaintiffs' exclusive rights under the Copyright Act.

33.     Plaintiffs are informed and believe that Defendants' infringing conduct was willful because Defendants expressly agreed in writing that all contracts were terminated as of April 16, 2026 and that they would make no further use of any Kirkland images or Books in promotion or marketing materials or otherwise

34.     Defendants' acts were willful.

35.     Plaintiffs have been damaged.

36.     The harm caused to plaintiffs has been irreparable.

## COUNT II
## RIGHTS OF PUBLICITY

37.     Plaintiffs incorporate the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38.     Douglas Kirkland was domiciled in California at the time of his death.

39.     California law recognizes a postmortem right of publicity.

40.     The name DOUGLAS KIRKLAND and all rights associated therewith passed to Plaintiff Francoise Kirkland upon his death.

41.     DOUGLAS KIRKLAND was registered as a personality California Civil Code § 3344.1 with the California Secretary of State.

42.     The personality right of DOUGLAS KIRKLAND is famous and valuable.

43.     The personality right of DOUGLAS KIRKLAND cannot be used without the permission and authority of Plaintiff Francoise Kirkland.

6
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

44.     Defendant knowingly used the personality right of DOUGLAS KIRKLAND for advertising, selling, or soliciting the sale of the Books at issue without consent in violation of California Civil Code § 3344.1.

45.     Defendant profited from its violations.

46.     Plaintiffs have been damaged.

47.     The harm caused to plaintiffs has been irreparable.

### COUNT III
### BREACH OF CONTRACT

48.     Plaintiffs incorporate the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

49.     The Settlement Agreement is a binding contract between the parties.

50.     Defendants breached the Settlement Agreement.

51.     The Defendants' breach caused plaintiffs to suffer damages.

52.     The damages to Plaintiffs are ongoing and continuing.

### COUNT IV
### ACCOUNTING

53.     Plaintiffs incorporate the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

54.     Defendants were the publisher of the Books.

55.     The relations between Plaintiff and Defendants required Defendants to pay royalties earned from publishing revenues to Plaintiff.

56.     Legal remedies are inadequate to permit Plaintiff to know the full extent of the amount of revenues owed by Defendants.

57.     The relevant revenue and cost data from publishing are uniquely within Defendants possession.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

58.     The balance owed to Plaintiff cannot be ascertained without an accounting.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants that:

a.     Defendants their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.     Defendants be required to pay Plaintiffs' actual damages and Defendants' profits attributable to the infringement, or, at its election, statutory damages, as provided in 17 U.S.C. § 504, including a minimum of $750 for each registered work belonging to plaintiff up to a maximum of $150,000 for each registered work given the willful infringement by defendants after explicit demand for removal of plaintiff's works from the web site and the defendants delay in removing the works;

c.     Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

d.     Plaintiffs be awarded damages for the Defendants violations of Plaintiffs' rights of publicity;

e.     Plaintiffs be awarded damages for the Defendants breaches of contract;

f.     Plaintiffs be awarded pre- and post-judgment interest;

g.     Defendants be required to account to plaintiff for the revenue, costs and earnings associated with the use of Plaintiff's copyrights; and

h.     Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: July 22, 2026                    Respectfully submitted,

8

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
New York Bar Number: 2459576
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, NY 10010
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs Francoise Kirkland and MHG Kirkland, LLC*